UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| MARCUS J. PAYNE, | § | |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:11-CV-497-B |
| | § | |
| ADAM PARK, individually and in his | § | |
| official capacity as Lieutenant of TXDPS– | § | |
| Private Security Bureau, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER

Plaintiff originally filed this case in state court on January 31, 2011 (doc. 1-4). Defendant thereafter removed the suite to federal court on March 9th, alleging that this Court had federal question jurisdiction over the case because Plaintiff's Complaint implicated issues of federal law. (Notice of Removal 2). On March 22, 2011, Plaintiff filed his Objection to Removal and Motion to Remand Case to State Court (doc. 4), contending that removal was improper because the parties are not diverse in citizenship and because Plaintiff had elected to withdraw all federal claims against Defendant in his Amended Complaint. (*See generally* Pl.'s Mot. Remand). Defendant responded (doc. 11) that Plaintiff's Amended Complaint does in fact still implicate questions of federal law because he bases his right to recovery, in part, on 42 U.S.C. § 1983. (*See generally* Def.'s Resp.).

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331-1332. Defendant does not contend

that removal is proper based on diversity jurisdiction. Instead, he contends that Plaintiff both initially and to this day alleges claims that arise, at least in part, under federal law. The Court agrees. Including his Petition in State Court, Plaintiff has now filed three versions of his Complaint against Defendant. In each iteration of his claims, Plaintiff asserts entitlement to relief under 42 U.S.C. § 1983. Section 1983 provides a framework for a plaintiff to recover against individual state actors for violations of federal constitutional or statutory rights. *See D.A. ex. rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 456 (5th Cir. 2010). Despite Plaintiff's claims that he has dropped all federal claims against Defendant, he clearly has not. (*See* Pl.'s 3d Am. Compl. ¶ 1 ("This action is commenced under section 1 of the Fourteenth Amendment to the United States Constitution and under Federal Civil Rights statute 42 U.S.C. §[] 1983 . . . .")). Accordingly, the Court finds that it does have federal question jurisdiction over the instant case, and Plaintiff's Motion to Remand is **DENIED**.

SO ORDERED.

DATED May 6, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE